CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 09 2014

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LAWTON DURDEN, | ) |
| | ) Civil Action No. 3:13CV00032 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

The plaintiff, Lawton Durden, has filed this action challenging the final decision of the Commissioner of Social Security declining to waive recovery of an overpayment of retirement benefits paid to Mr. Durden pursuant to the provisions of 42 U.S.C. § 402(a). The relevant provisions governing recovery of overpayments are set forth under 42 U.S.C. § 404 and 20 C.F.R. § 404.501, et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g).

As reflected by the memoranda and arguments submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

Mr. Durden began receiving retirement benefits in January of 2006. (TR 120-22). On December 7, 2007, the Social Security Administration notified plaintiff that he had been overpaid benefits in the amount of $6,233.00. (TR 110-19). On February 29, 2008, Mr. Durden filed a request for waiver of the recovery of overpayment. (TR 102-09). In that request, plaintiff

maintained that he was without fault in causing the overpayment. (TR 103-04). However, Mr. Durden's request for waiver was denied on August 5, 2008. (TR 89-91). Mr. Durden then sought and received a <u>de novo</u> hearing and review before an Administrative Law Judge.

In an opinion dated August 22, 2011, the Law Judge determined that plaintiff was at fault in causing the overpayment. (TR 16). The Law Judge found that Mr. Durden visited a social security administration field office in December of 2005. According to plaintiff's testimony at the administrative hearing conducted on July 14, 2011, he was attempting to determine how much he would receive in benefits upon his retirement in May of 2006. However, it seems that as a result of that visit, an application was processed based on the belief that Mr. Durden was retiring in December of 2005. He began receiving retirement benefits in January of 2006. The Law Judge found that the overpayment occurred because plaintiff provided incorrect information to the social security representative. The Law Judge reasoned as follows:

> The claimant essentially alleged (in his testimony and in documents submitted in connection with his overpayment waiver application) that he only went to the Social Security Administration field office in order to obtain an estimate of his benefits once he retired in May 2006, and that the Claims Representative who took his application misinformed him. In its August 5, 2008 denial of waiver of overpayment, the Social Security Administration noted that the Claims Representative who took the claimant's application was a seasoned Claims Representative who would not knowingly take a claim for a person who would not be eligible. Further, this experienced and knowledgeable Claims Representative would have properly advised the claimant regarding both his month of election and how his earnings would affect his benefit amounts. (Ex. 8).
>
> The claimant's allegation that he did not plan to file for benefits until May 2006 is also inconsistent with the fact that he did not notify the Social Security Administration after receiving his award letter (dated January 2, 2006), his first check for benefits in February 2006, or any month thereafter. (Ex. 2).
>
> In sum, the undersigned finds the claimant to be at fault in causing his overpayment.

2

(TR 16-17). The Law Judge concluded that recovery of the overpayment could not be waived and that Mr. Durden is responsible for the repayment of $6,233.00. (TR 17).

Mr. Durden sought review of the Administrative Law Judge's decision by the Social Security Administration's Appeals Council. In its decision rendered on June 25, 2013, the Appeals Council adopted the Law Judge's finding that Mr. Durden was at fault in causing the overpayment. However, the Appeals Council recomputed the overpayment as $5,585.00. (TR 8). The Appeals Council's opinion now stands as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mr. Durden has appealed to this court.

Under 42 U.S.C. § 404(b), it is provided that, in the case of an overpayment, if the claimant is without fault, and if recovery of the overpayment would defeat the purpose of the Social Security Act or would be against equity and good conscience, recovery of the overpayment may be waived. Stated differently, the Act provides that there shall be no adjustment or recovery in the case of overpayment if the recipient of benefits is without fault in causing the overpayment, <u>and</u> if adjustment or recovery would either defeat the purpose of the Social Security Act or contravene principles of equity and good conscience. See 20 C.F.R. § 404.506(a).

After a review of the record in this case, the court is unable to conclude that there is substantial evidence to support the Commissioner's final decision that Mr. Durden was at fault in causing the overpayment of benefits. Mr. Durden testified at the administrative hearing that he clearly advised the social security representative that he intended to retire in May of 2006. (TR 142). He testified that when he began to receive benefits in January of 2006, he believed that he was entitled to those benefits based on the information provided to the claims representative. (TR 143). Plaintiff testified to the effect that he never attempted to deceive anyone as to the date of his intended

3

retirement and that his social security earnings record clearly reflected that he continued to work for wages until May of 2006. (TR 144-146).

In denying plaintiff's request for waiver of recovery of overpayment, it appears that the Administrative Law Judge relied entirely on the report from a social security representative. In that report, the representative noted that in filing an application at the time of the December 2005 visit, Mr. Durden would have represented that all of the information in the application was true. (TR 94). Yet, the administrative record contains no application or statement signed by Mr. Durden to this effect. The social security representative also noted that the person who took Mr. Durden's application was "experienced and knowledgeable" and that this individual is not likely to have made a mistake. (TR 94). Simply stated, it seems that the Law Judge's decision was based primarily on speculation as to what the claims representative would have done.

At the administrative hearing, the Administrative Law Judge did not receive live testimony from either the social security representative who conducted the investigation or the representative who met with Mr. Durden in December of 2005. On the other hand, Mr. Durden personally appeared and testified that the representative simply made a mistake in processing the application based on a retirement date in December of 2005. There is no documentation which serves to refute plaintiff's testimony. In such circumstances, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Given plaintiff's testimony, and in the absence of any direct evidence indicating that Mr. Durden informed the social security representative that he intended to retire in December of 2005, the court concludes that plaintiff has met the burden in establishing that he was without fault in causing the overpayment.

4

As set forth above, it must now be determined whether recovery of the overpayment would defeat the purpose of the Social Security Act or contravene principles of equity and good conscience. Based on the existing record, it does not appear to the court that recovery of the overpayment would be unconscionable. However, the court believes that this determination is best left to the Social Security Administration in the first instance. The court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

For the reasons stated, the Commissioner's final decision shall be modified to reflect a determination that Mr. Durden was without fault in causing the overpayment of social security retirement benefits. The case shall be remanded to the Commissioner for a determination as to whether recovery of the overpayment would defeat the purpose of the Social Security Act or contravene principles of equity and good conscience. An appropriate judgment and order will be entered this day. Upon remand, both sides will be allowed to present additional evidence and argument.

The Clerk is directed to send certified copies of this opinion to plaintiff and counsel for the defendant.

DATED: This 9th day of October, 2014

/s/ Glen Conrad
Chief United States District Judge